# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9065 | **DATE** | 3/13/2003 |
| **CASE TITLE** | CHICAGO AREA JOINT WELFARE COMMITTE vs. MID-AMERICA CONTRACTING, INC. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Plaintiffs' motion for summary judgment is granted. Judgment is entered in plaintiffs' favor in the amount of $113,116.19 plus any applicable interest and attorney's fees to be provided by plaintiffs' counsel.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 14 2003 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 MAR 13 PM 5:52 | date mailed notice | |
| LG | courtroom deputy's initials | FILED-ED-TO | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING, AND CAULKING INDUSTRY, LOCAL 52, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MID-AMERICA CONTRACTING, INC., a Corporation,<br><br>Defendant. | No. 01 C 9065<br><br>Judge John W. Darrah<br><br>**DOCKETED**<br><br>MAR 1 4 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Chicago Area Joint Welfare Committee for the Pointing, Cleaning, and Caulking Industry, Local 52, *et al.* ("CAJ"), filed suit against Defendant, Mid-America Contracting, Inc., alleging Defendant failed to remit payment for all contributions pursuant to the collective bargaining agreement ("CBA") and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"). Presently before the Court is Plaintiffs' Motion for Summary Judgment.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).

In the instant case, Defendant has not disputed any of Plaintiffs' statements of material facts. Therefore, all the material facts averred by Plaintiffs are deemed admitted. *See Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); L.R. 56.1(b)(3)(B). Although Defendant failed to respond to the Plaintiffs' statement of material facts and such facts are deemed admitted, Plaintiffs' Motion for Summary Judgment will only be granted if Plaintiffs can demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Johnson v. Gudmundson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

Defendant is an "employer", within the meaning of ERISA, who is obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreement and Declarations of Trust ("ADT"). (Plaint.s' 56.1(a)(3) Statement ¶ 1). Defendant has an outstanding balance due to Plaintiffs for November 2001 and December 2001 contributions in the amount of $11,989.26. (Id., at ¶ 2). Plaintiffs have not received the outstanding balance. (Id., at ¶ 3).

Defendant has failed to submit contributions on the 20th day of the preceding month for the months of October 2000 through December 2001 as required by the CBA and ADT. (Plaint.s' 56.1(a)(3) Statement ¶ 4). Defendant has incurred liquidated damages for these months in the amount of $43,113.34. (Id., at ¶ 5). Plaintiffs have not received these funds. (Id., at ¶ 6).

A payroll audit of Defendant's payroll records indicated that contributions in the amount of $5,794.48 and interest in the amount of $1,280.79 are due to the Local 52 Fringe Benefit Funds. (Plaint.s' 56.1(a)(3) Statement ¶ 7). Plaintiffs have not received these funds, which are due pursuant to the CBA and the ADT. (Id., at ¶ 8).

Plaintiffs have incurred a cost of $2,925 from Blanchfield, Doherty, Peterson, Ltd. for the

preparation of the payroll audit for the period of November 1998 through June 2001. (Plaint.s' 56.1(a)(3) Statement ¶ 9). These costs have not been paid by the Defendant as provided by the CBA and ADT. (Id., at ¶ 10).

The August 2002 through December 2002 contribution reports indicate that, based upon the employer's own records, a total of $40,011.10 in contributions and a total of $8,002.22 in liquidated damages are due to Plaintiffs. (Plaint.s' 56.1(a)(3) Statement ¶ 11). Plaintiffs have not received these outstanding funds. (Id., at ¶ 12).

Based on the above contribution failures for the time period of November 1998 through December 2002, a total of $113,116.19 is due to Plaintiffs from Defendant, as itemized as follows: (1) $11.989.26 in contributions for the months of November 2001 through December 2001; (2) $43,113.34 in liquidated damages for the months of October 2000 through December 2001; (3) $7,075.27 in contributions and liquidated damages for the payroll audit period of November 1998 through June 2001; (4) $2,925 in audit fees for the November 1998 through June 2001 payroll audit; and (5) $48,013.32 in contributions and liquidated damages for the months of August 2002 through December 2002. (Plaint.s' 56.1(a)(3) Statement ¶ 13).

ERISA requires that an employer that is a party to a CBA which obligates the employer to make contributions to a fringe benefit fund must make such contributions pursuant to that agreement and any governing trust agreements. *See* 29 U.S.C. § 1145; *Sullivan v. Cox*, 890 F. Supp. 759, 762-63 (N.D. Ill. 1995). When a fund obtains a judgment against an employer for delinquent contributions, the fund is entitled to the contributions, interest, liquidated damages, and its attorney's fees. *See* 29 U.S.C. § 1132(g).

In the instant case, Defendant does not contest that it has failed to pay certain contributions

to Plaintiffs that it is required to pay pursuant to the applicable CBA and ADT. Accordingly, Plaintiffs' Motion for Summary Judgment is granted. Judgment is entered in Plaintiffs' favor in the amount of $113,116.19 plus any applicable interest and attorney's fees to be provided by Plaintiffs' counsel.

Dated: March 13, 2003

JOHN W. DARRAH
United States District Judge